UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUNGIE, INC., UBISOFT ENTERTAINMENT, and UBISOFT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW THORPE a/k/a KRYPTO, an individual; JONATHAN AGUEDA a/k/a OVERPOWERED, an individual; WESAM MOHAMMED a/k/a GRIZZY, an individual; AHMAD MOHAMMED, an individual; and Does 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 3:21-cv-05677-ECM<br><br>[Assigned to Judge Edward M. Chen]<br><br>**[PROPOSED] STIPULATED JUDGMENT AND PERMANENT INJUNCTION**<br><br>Complaint Filed: July 23, 2021 |

Pursuant to the Parties' Stipulation dated November 1, 2022, the Court hereby orders that judgment is entered against Defendants Wesam Mohammed and Ahmad Mohammed ("Defendants"), as follows.

IT IS HEREBY FOUND, ORDERED, ADJUDGED as follows:

1.  Judgment shall be entered against Defendants in the amount of three hundred thousand dollars ($300,000), due and payable solely pursuant to the terms set forth in the Parties' Confidential Settlement Agreement and Release.

2.  Defendants, all persons acting under Defendants' direction or control (including but not limited to Defendants' agents, representatives, and employees), and those persons or companies in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, shall immediately and permanently cease and desist from any of the following:

**As to Plaintiff Bungie, Inc.:**

(a) taking any steps (directly or indirectly through third parties) to create, distribute, advertise, market, resell or otherwise make available software from the online venture called "Ring-1" (the "Cheating Software"), referenced in the Complaint in this action, that is designed to be used with Destiny 2, or any software whose use infringes Intellectual Property owned or controlled by Bungie, Inc. or its parents, subsidiaries, or affiliates of which Bungie, Inc. has heretofore made Defendants actually aware (collectively, "Bungie"), circumvents technological measures that effectively control access to Bungie's games (including but not limited to "Destiny 2" and its expansions), violates Bungie's Software License Agreement ("SLA"), or is designed to exploit or enable the exploitation of Destiny 2 or any other game owned, published, distributed or operated by Bungie;

(b) obtaining, possessing, accessing or using the Cheating Software or any software whose use by Defendants infringes any of Bungie's Intellectual Property, circumvents technological measures that effectively control access to Bungie's games, violates the SLA, or is designed to exploit or enable the exploitation of Destiny 2 or any other game owned, published, or operated by Bungie;

   (c) Promoting, advertising, or encouraging or inducing others to purchase or use (including via any social media account, website, or video-sharing account) the Cheating Software or any software whose use infringes any of Bungie's Intellectual Property, circumvents technological measures that effectively control access to Bungie's games, violates the SLA, or is designed to exploit or enable the exploitation of Destiny 2 or any other game owned, published, or operated by Bungie;

   (d) selling, reselling, or processing payments for the Cheating Software or any software whose use infringes any of Bungie's Intellectual Property, circumvents technological measures that effectively control access to Bungie's games, violates the SLA, or is designed to exploit or enable the exploitation of Destiny 2 or any other game owned, published, or operated by Bungie;

   (e) assisting in any way with the development of the Cheating Software or any software whose use infringes any of Bungie's Intellectual Property, circumvents technological measures that effectively control access to Bungie's games, violates the SLA, or is designed to exploit or enable the exploitation of Destiny 2 or any other game owned, published, or operated by Bungie;

   (f) sharing, copying, transferring, or distributing the Cheating Software or any software whose use infringes any of Bungie's Intellectual Property, circumvents technological measures that effectively control access to Bungie's games, violates the SLA, or is designed to exploit or enable the exploitation of Destiny 2 or any other game owned, published, or operated by Bungie;

   (g) publishing or distributing any source code or instructional material for the creation of the Cheating Software or any software whose use infringes any of Bungie's Intellectual Property, circumvents technological measures that effectively control access to Bungie's games, violates the SLA, or is designed to exploit or enable the exploitation of Destiny 2 or any other game owned, published, or operated by Bungie;

   (h) operating, assisting or linking to any website designed to provide information to assist others in accessing, developing or obtaining the Cheating Software or any

software whose use infringes any of Bungie's Intellectual Property, circumvents technological measures that effectively control access to Bungie's games, violates the SLA, or is designed to exploit or enable the exploitation of Destiny 2 or any other game owned, published, or operated by Bungie;

        (i)     investing or holding any financial interest in any enterprise which Defendants know or have reason to know is now, or intends in the future to be, engaged in any of the foregoing activities prohibited by this Judgment and Permanent Injunction.

        (j)     reverse engineering, decompiling, packet editing, or otherwise manipulating without authorization, any game owned, published, or operated by Bungie, including Destiny 2, or providing assistance to any person or entity engaged in such activities.

**As to Plaintiffs Ubisoft Entertainment and Ubisoft, Inc. (collectively "Ubisoft"):**

        (a)     taking any steps (directly or indirectly through third parties) to create, distribute, advertise, market, resell or otherwise make available the Cheating Software, referenced in the Complaint in this action, that is designed to be used with Tom Clancy's Rainbow Six: Siege ("R6S"), or any software whose use infringes Intellectual Property owned or controlled by Ubisoft or its parents, subsidiaries, or affiliates of which Ubisoft has heretofore made Defendants actually aware (collectively, "Ubisoft"), circumvents technological measures that effectively control access to Ubisoft's games (including but not limited to R6S and its expansions), violates Ubisoft's Terms of Use and End-User License Agreement (collectively, the "TOU") or the Rainbow Six: Siege Code of Conduct (the "Code of Conduct") or is designed to exploit or enable the exploitation of R6S or any other game owned, published, distributed or operated by Ubisoft;

        (b)     obtaining, possessing, accessing or using the Cheating Software or any software whose use by Defendants infringes any of Ubisoft's Intellectual Property, circumvents technological measures that effectively control access to Ubisoft's games, violates the TOU or Code of Conduct, or is designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft;

      (c)    Promoting, advertising, or encouraging or inducing others to purchase or use (including via any social media account, website, or video-sharing account) the Cheating Software or any software whose use infringes any of Ubisoft's Intellectual Property, circumvents technological measures that effectively control access to Ubisoft's games, violates the TOU or Code of Conduct, or is designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft;

      (d)    selling, reselling, or processing payments for the Cheating Software or any software whose use infringes any of Ubisoft's Intellectual Property, circumvents technological measures that effectively control access to Ubisoft's games, violates the TOU or Code of Conduct, or is designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft;

      (e)    assisting in any way with the development of the Cheating Software or any software whose use infringes any of Ubisoft's Intellectual Property, circumvents technological measures that effectively control access to Ubisoft's games, violates the TOU or Code of Conduct, or is designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft;

      (f)    sharing, copying, transferring, or distributing the Cheating Software or any software whose use infringes any of Ubisoft's Intellectual Property, circumvents technological measures that effectively control access to Ubisoft's games, violates the TOU or Code of Conduct, or is designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft;

      (g)    publishing or distributing any source code or instructional material for the creation of the Cheating Software or any software whose use infringes any of Ubisoft's Intellectual Property, circumvents technological measures that effectively control access to Ubisoft's games, violates the TOU or Code of Conduct, or is designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft;

      (h)    operating, assisting or linking to any website designed to provide information to assist others in accessing, developing or obtaining the Cheating Software or any

software whose use infringes any of Ubisoft's Intellectual Property, circumvents technological measures that effectively control access to Ubisoft's games, violates the TOU or Code of Conduct, or is designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft;

        (i)      investing or holding any financial interest in any enterprise which Defendants know or have reason to know is now, or intends in the future to be, engaged in any of the foregoing activities prohibited by this Judgment and Permanent Injunction.

        (j)      reverse engineering, decompiling, packet editing, or otherwise manipulating without authorization, any game owned, published, or operated by Ubisoft, including R6S, or providing assistance to any person or entity engaged in such activities.

3. Defendants shall take all necessary steps to disable, remove, or otherwise shut down any social network accounts under their control dedicated to distribution or promotion of the Cheating Software, or any other software whose use infringes any of Bungie's Intellectual Property Rights or Ubisoft's Intellectual Property Rights, circumvents technological measures that effectively control access to Bungie's or Ubisoft's games, or violates the SLA, TOU or Code of Conduct, and shall take all necessary steps to remove any information on any non-dedicated (*e.g.*, personal) social network accounts under their control used to distribute or promote any of the foregoing.

4. Defendants are ordered to transfer, destroy, disable and remove the Cheating Software, and any software product whose use infringes any of Bungie's Intellectual Property or Ubisoft's Intellectual Property, circumvents technological measures that effectively control access to Bungie's or Ubisoft's games, or violates the SLA, TOU, or Code of Conduct, or is designed to exploit or enable the exploitation of Destiny 2, R6S or any other game owned, published, or operated by Bungie or Ubisoft, pursuant to the terms set forth in the Parties' Confidential Settlement Agreement and Release.

5. Any company or entity that any Defendant controls in the future shall also comply with the provisions of this Judgment and Permanent Injunction.

6. The Parties irrevocably and fully waive notice of entry of this Judgment and Permanent Injunction and notice and service of the entered Judgment and Permanent Injunction and understand, confirm and agree that violation of the Judgment and Permanent Injunction will expose Defendants to all penalties provided by law, including contempt of Court.

7. The Parties irrevocably and fully waive any and all rights to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

8. Nothing contained in this Judgment and Permanent Injunction shall limit the right of the Parties to seek relief including, without limitation, damages for any and all infringements of any Intellectual Property rights occurring after the date of this Judgment and Permanent Injunction.

9. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment and Permanent Injunction.  The Parties consent to the personal jurisdiction of the United States District Court for the Northern District of California for purposes of enforcing the Judgment and Permanent Injunction.

10. This Stipulated Judgment and Permanent Injunction is entered without the Court making any findings of fact or conclusions of law and shall not be construed or deemed as an adjudication on the merits.

11. The Court finds there is no just reason for delay in entering this Judgment and Permanent Injunction and, pursuant to Federal Rule of Civil Procedure 54, the Court directs immediate entry of this Judgment and Permanent Injunction against Defendants.

DATED: _____     BY: _____
                                                                       HONORABLE EDWARD M. CHEN
                                                                       U.S. District Court Judge